IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3267-FL

| GEORGE R. EVANS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| ONSLOW COUNTY, N.C., HANS | ) |  |
| MILLER, and DETENTION OFFICER | ) |  |
| MOORE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

The matter comes before the court on defendant's motion to dismiss (DE 7) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendant's motion.

**STATEMENT OF THE CASE**

On August 17, 2016, plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 in the Onslow County Superior Court against defendants Onslow County, Onslow County Detention Officer Moore ("Moore"), and Onslow County Sheriff Hans Miller. Plaintiff challenges the Onslow County Detention Center's policy regarding the amount of publications that detainees are permitted to have in their possession at one time under the First, Fifth, and Fourteenth Amendments to the United States Constitution. On October 11, 2016, defendants removed the instant action to this court. On October 12, 2016, defendant Onslow County moved

to dismiss plaintiff's action pursuant to Rule 12(b)(6), arguing that Onslow County may not be held liable for the acts or omissions of a sheriff or his deputies. The motion was fully briefed.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On August 5, 2016, defendant Moore informed plaintiff that Moore had two newspapers to deliver to plaintiff's cell at the Onslow County Detention Center. ((DE 1), Ex. C, p. 3). Plaintiff then attempted to trade defendant Moore two copies of old newspapers for the two new newspapers, but defendant Moore only gave plaintiff one of the two new newspapers. (Id. pp. 3-4). Defendant Moore then informed plaintiff that Onslow County Detention Center policy provided that a detainee may only possess four publications at one time–two in a detainee's cell and two in a storage bin outside of the detainee's cell. (Id.) Because plaintiff had a copy of the Bible and a copy of a "law book" in his cell, the officer told plaintiff that he could have only one newspaper. (Id.)

## DISCUSSION

A.  Motion to Dismiss

   I.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

2

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

2. Analysis

Defendant Onslow County contends that it should be dismissed from this action because it may not be held liable for the acts or omissions of the sheriff or his officers. A local government unit may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). In North Carolina, counties are local government units. See Southern Ry. Co. v. Mecklenburg County, 231 N.C. 148, 150 (1949). Liability attaches to local government units only if conduct directly causing the alleged deprivation is undertaken to effectuate official policy or custom of the county. City of St. Louis v. Proprotnik, 485 U.S. 112, 124 (1988) (stating that a county may only be held liable for acts for which it has "final policymaking authority."); Worrell v. Bedsole, No. 95-2816, 1997 WL 153830, *5 (4th Cir. Apr. 3, 1991).

Plaintiff's action arises out of conduct that occurred at the Onslow County Detention Center. It is the Sheriff's Department, rather than the county, who has final policy making authority over the detention center. Worrell, 1997 WL 153830, *5-6 ("Bedsole's final policy-making authority over his personnel decisions in the Sheriff's Department is his alone and is not attributable to Cumberland County.") (internal quotation marks omitted); Parker v. Bladen County, 583 F. Supp. 2d 736, 739-40

3

(E.D.N.C. 2008) ("Thus, under North Carolina law, the sheriff, not the county encompassing his jurisdiction, has final policymaking authority. . ."). In North Carolina, the sheriff's department is a separate legal entity from the county because the sheriff is elected and not employed by the county. See Worrell, 110 F.3d at *5; N.C. Gen. Stat. § 162-1. Because Onslow County does not have final policymaking authority over the detention center, the complaint does not allege that the constitutional violation was undertaken to effectuate an official policy or custom of the county. Thus, the inclusion of Onslow County as a defendant is improper, and Onslow County's motion to dismiss is GRANTED.

B.  New Parties

Plaintiff, in his response to defendant's motion to dismiss, states that he filed an amended complaint on August 25, 2016. (See DE 16, p. 1). The court's docket does not reflect that plaintiff filed an amended complaint on August 25, 2016, or any other date. To the extent plaintiff seeks to assert new claims or to include new parties in his response to defendant's motion to dismiss, or any other filing, such claims are not properly before the court because plaintiff has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Thus, plaintiff's new claims and/or parties are DISMISSED without prejudice. See United States v. Jones, No. 87-7313, 1988 WL 21257, at *1 (4th Cir. Mar. 9, 1988) ("Even under liberal rules of interpretation, a court should not be required to amend a complaint sua sponte every time a pleading is filed which arguably raises a new claim."); see also, Crump v. N.C. Dep't of Corr, No. 3:05CV325-02-MU, 2009 WL 2738459, at * 5 (W.D.N.C. Aug. 26, 2009).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE 7) is GRANTED. Plaintiff's new claims and/or parties are DISMISSED without prejudice. An initial order will follow.

SO ORDERED, this the 8th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge